Bobrowski, Appellant, vs. Henne, Respondent.

*May 3—June 1, 1955.*

For the appellant the cause was submitted on the brief of *Gwin & Petersen* of Hudson.

For the respondent there was a brief by *Stafford, Pfiffner & Stafford* of Chippewa Falls, and oral argument by *Robert F. Pfiffner*.

CURRIE, J. With respect to question (1) (b) of the special verdict the learned trial court instructed the jury as follows:

"As to subdivision (b) of the first question, with reference to the surface of the ground adjacent to the first riser, you are instructed that the question calls upon you to determine whether or not on September 7, 1952, the ground was

as safe for frequenters as the nature of the place would reasonably permit. *The question is not whether a cement apron would make it safer, because a gravel parking lot or private driveway is perfectly legal in the state of Wisconsin.* The only requirement being that it be as safe for frequenters as the nature of the place would reasonably permit and that is the question which you are to determine. *In determining this question, you are instructed that it must be a substantial defect.* As you know from your own experience, parking lots are uneven and this question calls upon you to determine whether or not it was so uneven as to make it unsafe. *In determining the question you should consider it as it applies to an ordinarily prudent and intelligent person under the same circumstances.*" (Italics supplied.)

Counsel for the plaintiff contend that the three italicized sentences of such instructions were prejudicially erroneous. With this contention we must agree.

It will be noted that after starting out with a correct statement of the law contained in the first sentence of the above-quoted portion of the charge, the trial court proceeded to state: "The question is not whether a cement apron would make it safer, because a gravel parking lot or private driveway is perfectly legal in the state of Wisconsin." There was no issue before the jury as to whether the defendant should have placed a new asphalt or concrete surfacing on his entire parking lot or driveway, but only whether a firmer surface than loose dirt or gravel should have been provided at the point where patrons stepped off the concrete step onto the ground. A jury might rightly conclude from such instruction that it would be placing an undue burden financially upon the defendant tavern owner if he were required to cover his entire parking area with a hard surface, while on the other hand, it might conclude that it would not have been an undue burden to require a comparatively narrow cement apron adjacent to the riser of the first step.

The second italicized sentence required the jury to pass upon whether a "substantial defect" was present. The test imposed by the safe-place statute is not whether an alleged defect is substantial or inconsequential, but whether it prevents a place from being as safe for frequenters as the nature of the same will reasonably permit. Counsel for defendant rely upon the case of *Thoni v. Bancroft Dairy Co.* (1949), 255 Wis. 577, 39 N. W. (2d) 690, as authority sustaining the correctness of such sentence of the charge. However, the point at issue in the case was whether the unevenness of a floor in the interior of a building was so inconsequential in nature to warrant the trial court in directing a verdict.

The third italicized sentence of the quoted portion of the instructions attempts to apply in a case arising under the safe-place statute the test of the degree of care to be exercised by "an ordinarily prudent and intelligent person under the same circumstances" as the defendant. This test was clearly condemned as improper by this court in *Mullen v. Larson-Morgan Co.* (1933), 212 Wis. 52, 57, 249 N. W. 67. Mr. Justice FOWLER, speaking for the court in that case, stated:

"The statements above italicized [referring to the trial court's charge] all incorporate the common-law ideas of reasonable anticipation, ordinarily careful and prudent men, compliance with customary methods, and reasonable care. Compliance with these concepts does not satisfy the statute. The statute imposes an absolute duty to make the place as safe as the nature and place of the employment will reasonably permit. Performance of the common-law duty to make it reasonably safe does not suffice."

Counsel for defendant point out that the quoted instructions of the trial court in the instant case should be construed as a whole and that prejudicial error should not be founded upon the italicized sentences quoted out of context. While we agree with the correctness of such contention, we have

in the instructions before us on this appeal a correct statement of the law contained in the first sentence in the quoted portion of the charge followed by further sentences which have a tendency to unduly qualify or nullify the correct principle of law so enunciated in the first sentence. We consider that the objectionable statements were given equal prominence in the charge with the unobjectionable ones. Therefore, we cannot assume that the erroneous statements may not have influenced the members of the jury in arriving at the result they did.

Counsel for the defendant further contend that the judgment should not be reversed for erroneous instructions if the trial court might properly have directed a verdict, and cite in support thereof *Van Trott v. Wiese* (1874), 36 Wis. 439. It is maintained that a verdict should have been directed in behalf of the defendant on the following two grounds: (1) That there is no testimony of unevenness of the surface of the ground onto which plaintiff stepped as he let his weight down off from the lower concrete step; and (2) the safe-place statute does not apply to an outside area not constituting a part of the structure of the tavern building.

As to the first point of lack of evidence that the ground was uneven where plaintiff stepped and lost his balance, the testimony of the plaintiff was that the material onto which he stepped was soft and gave way under his weight. This presents a different problem than a slight unevenness in a hard surface. We consider that the facts were sufficient in the instant case to present a jury issue as to compliance with the safe-place statute.

As to the second point, there is no requirement under the safe-place statute that a defect in a place of employment, as distinguished from a public building, has to occur in a structure or building in order to be actionable. *Hoepner v. Eau*

*Claire* (1953), 264 Wis. 608, 613, 60 N. W. (2d) 392; and *Paepcke v. Sears, Roebuck & Co.* (1953), 263 Wis. 290, 57 N. W. (2d) 352.

Inasmuch as it is our conclusion that the trial court's instructions were prejudicially erroneous, and that the case was not one where a verdict might be properly directed for defendant, it is necessary that a new trial be ordered.

*By the Court.*—Judgment reversed, and cause remanded for a new trial not inconsistent with this opinion.